**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REINIER VELIZ LOPEZ (A No. 213-400-349), | Case No. 1:26-cv-04736-JLT-HBK |
| Petitioner, | ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | (Doc. 1) |
| Respondents. | |

Reinier Veliz Lopez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or around March 2, 2021, where he was encountered by U.S. Customs and Border Protection ("CBP") and remained in CBP custody for some time. (Doc. 1 at 4; Doc. 6 at 6.) On March 4, 2021, CBP processed the Petitioner for expedited removal. (*See* Doc. 6 at 17.) However, on June 2, 2021, an Immigration Judge found a credible fear of removal, vacated the prior expedited removal order, and placed

Petitioner in standard removal proceedings. (*Id*. at 9, 17.) On June 9, 2021, DHS issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (*Id*. at 12.) Then on July 16, 2021, Petitioner was released from DHS custody on an Order of Release on Recognizance. (Doc. 6 at 1; Doc. 1 at 4.)

On September 25, 2025, local Florida police conducted a traffic stop of Petitioner and subsequently contacted ICE. (Doc. 6 at 17.) Petitioner has been detained by ICE for approximately ten months now. (Doc. 1 at 5.) On January 15, 2026, the IJ ordered Petitioner removed to Honduras or in the alternative to Guatemala/ Ecuador. (Doc. 6 at 22.) Petitioner appealed that decision to the Board of Immigration Appeals, which remains pending as of February 16, 2026.[1] (*Id*. at 25–27; Doc. 1 at 5.) Therefore, Petitioner's order of removal is not administratively final. (*See id*.) Petitioner indicates that he has no criminal history, (Doc. 1 at 5), and Respondents present no argument or evidence to the contrary. (*See* Doc. 6 at 1, 6, 18.) On June 15, 2026, ICE transferred the Petitioner from the Florida Baker Correctional Center in Sanderson, Florida to California City Detention Facility, where he remains. (Doc. 1 at 5.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 7–17.) To the extent that Respondents substantively address Petitioner's

---

[1] EOIR's Automated Case Information confirms this information. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 16, 2026).

due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 6 at 1–2.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

3.      The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED

Dated: July 16, 2026

_____
JENNIFER L. THURSTON
U.S. District Judge